784 So.2d 966 (2000)
Troy Douglas ROBINSON a/k/a Troy Douglas Robertson, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01011-COA.
Court of Appeals of Mississippi.
December 12, 2000.
Rehearing Denied February 13, 2001.
Certiorari Denied May 17, 2001.
*968 Roy J. Perilloux, Jackson, Jim Davis, Robert H. Koon, Gulfport, Attorneys for Appellant.
Office of the Attorney General by Charles W. Maris Jr., Jackson, Attorney for Appellee.
Before KING, P.J., IRVING, MOORE, and MYERS, JJ.
MOORE, J., for the Court:
¶ 1. Troy Douglas Robinson was tried and convicted of transferring a controlled substance. He was sentenced to twentyfive years incarceration as an habitual offender. Robinson cites the following issues on appeal:

*969 I. WHETHER THE JURY SHOULD HAVE BEEN INSTRUCTED ON THE DEFENSE OF ENTRAPMENT?
II. WHETHER ROBINSON'S TRIAL COUNSEL WAS INEFFECTIVE?
Finding no error, we affirm.

FACTS
¶ 2. On June 2, 1998, a female agent of the Mississippi Bureau of Narcotics was working undercover, driving around with a hidden video camera in her car. Troy Robinson, on foot, spotted the agent in her car. He waved to her and she stopped. He asked her what she was looking for and she replied, "A twenty." When Robinson tried to get in the passenger side of the agent's car, she told him the door was broken in order for the camera view to be unobstructed. While the sale proceeded, Robinson repeatedly asked the agent if she were a cop. She said no. He also asked her if she wanted to "party" with him. She again told him no and left the area with the purchased rock of crack cocaine. Robinson was arrested shortly thereafter.
¶ 3. Approximately nine months later, Robinson was awaiting trial on the charge of transfer of a controlled substance and on a separate charge of felony shoplifting. On the day of the trial, there was some confusion as to which charge was actually to be tried that day. Both charges were set for trial on the docket. Defense counsel initially said he was not prepared to go forward on the transfer charge, but after some discussion he said he would be ready for trial if given the opportunity to prepare jury instructions. Also, Robinson told the judge that he wanted to hire a private attorney. The judge refused on the grounds that Robinson had been given adequate notice of the trial date and sufficient time to secure counsel. The judge also told Robinson that he was welcome to fire his attorney, but that the trial would go forward that day. Robinson chose to continue with the same attorney. The trial began that afternoon.
¶ 4. The State called the narcotics agent and other officers and employees of the crime lab to testify about the sale of the drugs and the chain of custody. Defense counsel cross-examined these witnesses and attempted to attack their credibility. Also during cross-examination, defense counsel tried to forward his theory of the case that Robinson approached the agent only in an effort to "pick her up," not to sell her drugs. Defense counsel waived opening statements and did not call any witnesses. During his closing argument, defense counsel again argued the aforementioned theory and that the police testimony that the jury had heard was not reliable as to the chain of custody of the crack rock in evidence.
¶ 5. Defense counsel and Robinson discussed whether an entrapment instruction was warranted and they agreed that it was not. Again, when the jury asked for the legal definition of entrapment during deliberation, Robinson and defense counsel agreed that it should not be given. The jury returned a verdict of guilty. At the sentencing trial, the State presented certified copies of a penitentiary pack showing that Robinson had been convicted of two counts of violating Georgia's Controlled Substance Act in 1990 and sentenced to five years on each count and convicted of felony shoplifting in Georgia in 1991 and sentenced to five years. Robinson was given the opportunity to speak at this hearing and offered only that Georgia does not count the first felony toward habitual offender status and to thank his family and lawyer for their support. Robinson was sentenced to twenty-five years incarceration, which is five years less than the *970 maximum per Miss.Code Ann. § 99-19-81 (Rev.2000).

LAW AND ANALYSIS

I. WHETHER THE JURY SHOULD HAVE BEEN INSTRUCTED ON THE DEFENSE OF ENTRAPMENT?
¶ 6. Robinson argues that his defense counsel should have requested a jury instruction on entrapment or that, in the alternative, the trial judge should have issued an entrapment instruction sua sponte.
¶ 7. Mississippi's law on entrapment is well-settled. Entrapment is defined as the act of inducing or leading a person to commit a crime not originally contemplated by him for the purpose of trapping him for the offense. Hopson v. State, 625 So.2d 395, 399 (Miss.1993). The defense of entrapment is affirmative and must be proved by the defendant. If the defendant already possesses the criminal intent, and the request or inducement merely gave the defendant the opportunity to commit what he was already predisposed to do, entrapment is not a defense. Id. at 399. Before a defendant can raise the defense of entrapment, he is required to show evidence of government inducement to commit the criminal act and a lack of predisposition to engage in the criminal act prior to contact with government agents. Id. at 400. Once the defendant makes out this "prima facie" case of entrapment, he is entitled to jury instructions on entrapment. Walls v. State, 672 So.2d 1227, 1230 (Miss.1996) (citing Tanner v. State, 566 So.2d 1246, 1248 (Miss. 1990)). The standard of review in these cases is as follows:
Whether an issue should be submitted to the jury is determined by whether there is evidence which, if believed by the jury, could result in resolution of the issue in favor of the party requesting the instruction. Conversely, only where the evidence is so one-sided that no reasonable juror could find for the requesting party on the issue at hand may the trial court deny an instruction on a material issue. Whether the entrapment defense should have been presented to the jury depends upon whether there was sufficient evidence in the record that a rational jury might have found for the appellant on the entrapment issue. Our question is then whether there was sufficient evidence in the record that a rational jury might have found for the appellant on the entrapment issue.
Walls, 672 So.2d at 1230 (quoting King v. State, 530 So.2d 1356, 1359-60 (Miss. 1988)). Entrapment instructions are not necessary where a defendant was merely asked to sell the substance and he was caught. Walls, 672 So.2d at 1231 (citing Ervin v. State, 431 So.2d 130, 134 (Miss. 1983)).
¶ 8. No reasonable juror could find that Robinson made out a prima facie case of entrapment due to the unrefuted testimony that Robinson instigated the contact and was in possession of the crack cocaine and captured on video-tape making the sale. As in the Walls case, Robinson was merely asked to sell the substance and was caught doing so. We find that neither the trial court nor trial counsel erred in not submitting the defense of entrapment to the jury.

II. WHETHER ROBINSON'S TRIAL COUNSEL WAS INEFFECTIVE?
¶ 9. Robinson claims that his counsel at trial was ineffective because he was not prepared to go to trial on this case, made no opening statement, failed to ask for a jury instruction on entrapment, called no *971 witnesses, and committed error during Robinson's sentencing.
¶ 10. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two part test set out in Strickland is whether counsel's performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that "our confidence in the correctness of the outcome is undermined." Neal v. State, 525 So.2d 1279, 1281 (Miss.1987). A strong, but rebuttable presumption exists that "counsel's conduct falls within a broad range of reasonable professional assistance." McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). To overcome this presumption, the defendant must show that "but for" the deficiency, a different result would have occurred. Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 11. In addressing Robinson's claim that his trial counsel was unprepared, we must turn to the trial transcript. There, we find that while defense counsel initially claimed to be unprepared, he changed his mind and said he could be prepared if the trial was postponed until that afternoon. Furthermore, counsel demonstrated readiness for trial through thorough cross-examination and closing arguments. As far as the waiver of opening statements, it cannot be said that counsel was deficient in this decision. Opening statements are not mandatory and are often strategic in nature. Rushing v. State, 711 So.2d 450 (Miss.1998) (citing Miss. Code Ann. § 11-7-147 (1972); URCCC 10.03.) Turning to Robinson's claim that his counsel was deficient in not asking for a jury instruction on entrapment, we refer to our discussion in the previous issue. A jury instruction on entrapment was not warranted in this case. We cannot fault defense counsel for not asking for an instruction to which his client was not entitled. While Robinson finds fault with the fact that defense counsel called no witnesses, he does not inform the court of who those witnesses might have been or what evidence they may have brought to light. Therefore, Robinson has not shown prejudice or that the outcome of his case would have been different if defense counsel had called witnesses.
¶ 12. Finally, Robinson argues that his counsel was deficient in the sentencing phase of trial by not presenting the court with mitigating factors surrounding his crime. Due to the fact that Robinson failed to inform the Court of what these mitigating factors may be, it is impossible to say that defense counsel was in error in not arguing these supposed factors.
¶ 13. Still under the purview of the issue of whether Robinson received ineffective assistance of counsel, he also argues that the sentence proportionality test found in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), should be applied to his case. In other words, he argues that his sentence is unconstitutional. This claim is procedurally barred due to the fact that it was not raised at trial. Reed v. State, 536 So.2d 1336, 1339 (Miss.1988). Despite this procedural bar, we find that this claim also has no merit. Sentencing is within the discretion of the trial court and this Court will not review the sentence if it is within the limits prescribed by statute. Under Miss.Code Ann. § 99-19-81, Robinson could have been sentenced to thirty years, but was sentenced to twenty-five years. This sentence is clearly within the statutory limits.
¶ 14. Lastly, Robinson argues that there should have been more discussion of his prior convictions during the sentencing phase. In the case of an habitual *972 offender, the circuit court judge serves as the finder of fact in determining whether the habitual offender part of the indictment is established by the requisite degree of proof. The State has the same burden of proof as to the habitual offender portion of the indictment as it has on the principal charge. The defendant also has the same rights at both stages of trial. Seely v. State, 451 So.2d 213, 215 (Miss.1984).
¶ 15. During sentencing, the State presented a certified copy of a penitentiary pack which reflected that Robinson had been convicted of two counts felony of violating Georgia's controlled substance act and sentenced to five years for each count in 1990 and further that in 1991, Robinson was convicted of felony shoplifting and sentenced to five years. Robinson then had the opportunity to address the court. The circuit court judge followed the requirements of a habitual offender trial. Robinson's trial counsel was in no way deficient, nor did he cause Robinson to be prejudiced in the sentencing phase of his trial.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF TRANSFER OF A CONTROLLED SUBSTANCE AND SENTENCE TO TWENTY-FIVE YEARS IN THE CUSTODY AND CONTROL OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, and THOMAS, JJ., concur.