811 So.2d 373 (2001)
Kenneth HARRIS a/k/a Kenny Harris, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00503-COA.
Court of Appeals of Mississippi.
February 6, 2001.
Kenneth Harris, Pro Se.
W. Glenn Watts, Attorney General's Office, Attorney for Appellee.
Before KING, P.J., IRVING, and PAYNE, JJ.
KING, P.J., for the Court:
¶ 1. Kenneth Harris perfected this appeal from an order denying post-conviction relief entered by the Circuit Court of Coahoma County, Mississippi. Harris pled guilty to two separate counts of armed robbery on July 21, 1983. Harris was sentenced to serve a term of fifteen years on the first count, ten years on the second count, to run consecutively to the first and was ordered to pay $100 as restitution to the victims in the first count. On appeal, Harris raises the following issues: (1) whether a claim for defective indictment must be filed within three years under the Post-Conviction Relief Act, (2) whether the trial court erred in overruling the appellant's claim of selective sentencing because the appellant pled guilty to armed *374 robbery, and (3) whether the trial court's ruling was against the overwhelming weight of the evidence. Finding Harris's first issue to be dispositive of this matter, we affirm.

FACTS
¶ 2. Kenneth Harris was arrested on two counts of armed robbery. In December of 1982, Harris entered Bing's Grocery store and robbed Hoyping and Joe Bing of $100 at gunpoint. Approximately four months later, Harris entered Moco Service Station and robbed Fred Johnson of $100 at gunpoint. In June 1983, a Coahoma County Grand Jury indicted Harris on two counts of armed robbery.
¶ 3. On July 21, 1983, in open court, Harris entered his guilty plea to both counts of armed robbery. The trial judge then questioned Harris extensively to determine whether his pleas to the charges were knowingly and voluntarily made. The charges were read, and Harris testified that he understood the nature of the charges and had in fact committed the crimes.
¶ 4. The trial judge questioned Harris to determine if he understood the maximum sentence allowable for each count was life imprisonment. Harris acknowledged that he understood this to be the maximum penalty for his offenses. The trial judge informed Harris that the guilty pleas would waive his right to a jury trial, other constitutional protections, and an appeal to the supreme court. Harris acknowledged his understanding, and affirmed his desire to plead guilty. The court accepted the pleas and scheduled a date for the sentencing hearing.
¶ 5. On August 17, 1983, Harris was sentenced to serve a term of fifteen years on count one and ten years on count two, without eligibility for parole until he served a minimum of ten years, in the Mississippi Department of Corrections. The judge ordered the sentence for count two to run consecutively to the first count. Harris was ordered to pay $100 as restitution to the victims of the first armed robbery. Aggrieved by these sentences, Harris petitioned the Coahoma County Circuit Court for post-conviction relief on November 15, 1999. The Coahoma County Circuit Court denied the motion, finding that Harris was time barred by Miss.Code § 99-39-5(2)(Rev.2000). From that denial of relief, Harris has perfected this appeal.

ISSUE AND ANALYSIS

I.

Whether a claim for defective indictment must be filed within three years under the Post-Conviction Relief Act.
¶ 6. Harris petitioned for post conviction relief arguing that the court erred by barring his claim for lack of timeliness because his indictment failed to put him on notice of restrictions denying parole or earned time allowances for the first ten years of each sentence. As a result of these defects, Harris argues that the circuit court lacked jurisdiction to impose mandatory sentences for both counts of armed robbery. Harris's claims are time barred.
¶ 7. Miss.Code Ann. § 99-39-21(1) mandates that a failure to raise an objection, defense or error in fact or law capable of determination at trial or on direct appeal shall be deemed a waiver. The prisoner will then be procedurally barred from raising that claim unless he can make a showing of good cause and actual prejudice. However, the question of the indictment is one which could and should have been raised on direct appeal. The indictment was not defective, but even if it were, the *375 deficiencies were non-jurisdictional in nature and were waived when Harris entered his guilty plea.
¶ 8. This Court affirms the circuit court's order dismissing the motion for lack of timeliness pursuant to Miss.Code Ann. § 99-39-5(2). Section 99-39-5(2) requires requests for post-conviction relief from guilty pleas to be filed within three years after entry of the judgment of conviction. The exceptions to this three year limitation are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction, (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence, or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked. Harris has failed to put forth any facts to require consideration of his appeal outside the three year period of limitation.
¶ 9. Harris pled guilty on July 21,1983, prior to the enactment of Miss.Code Ann. § 99-39-5(2)(Rev.2000) on April 17, 1984. The act created a three year time period, beginning April 17, 1984, within which relief must be sought for convictions prior to its enactment. Odom v. State, 483 So.2d 343, 344 (Miss.1986). Harris did not file his petition until November 15, 1999, fifteen years after the expiration of the statute of limitations. Because the defects complained of are non-jurisdictional in nature, the guilty plea operated as a waiver to his claim of defective indictment. Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990).
¶ 10. Finding Harris to be procedurally barred, we affirm.
¶ 11. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.