796 So.2d 1040 (2001)
Robert EDWARDS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01186-COA.
Court of Appeals of Mississippi.
October 9, 2001.
*1041 Robert Edwards, Appellant, pro se.
Office of the Attorney General by Scott Stuart, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Robert Edwards pled guilty to one count of aggravated assault as an habitual offender. His subsequent petition for post-conviction relief was dismissed. Edwards argues that the trial court prior to accepting his guilty plea should have ordered that he be given a psychiatric evaluation. Further, Edwards argues that his plea was involuntary and that he received ineffective assistance of counsel. We find no error and affirm.

STATEMENT OF FACTS
¶ 2. Edwards assaulted two members of his family with a baseball bat, striking one in the head and striking another with such force that the baseball bat snapped in half and broke the victim's arm. On June 11, 1997, he entered a plea of guilty to one count of aggravated assault. Edwards was sentenced as an habitual offender to a term of twenty years with no possibility of parole.
¶ 3. On May 22, 2000, Edwards filed a motion for post-conviction collateral relief. The motion listed the following as grounds for relief: a violation of his right to due process under the constitutions of the United States and the State of Mississippi, a claim of ineffective assistance of counsel in violation of his right to counsel under the constitutions of the United States and the State of Mississippi, a claim that previously unheard material facts exist which require vacation of the conviction or the sentence, and a claim that his plea was involuntary.
¶ 4. On June 6, 2000, the circuit court dismissed Edwards' motion. Edwards has appealed.

DISCUSSION
¶ 5. A motion for post-conviction relief is required to contain a "separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner" and "a specific statement of the facts which are not within the prisoner's personal knowledge." Miss.Code Ann. § 99-39-9(d)(e) (Rev.2000). If there is a *1042 statement of facts not within the personal knowledge of the prisoner, then the "motion shall state how or by whom said facts will be proven" and the affidavits of those witnesses who will testify or the documents which will prove those facts not within the prisoner's knowledge shall be attached. Miss.Code Ann. § 99-39-9(e) (Rev.2000). If a prisoner's motion for post-conviction relief does not contain any affidavits, other than the prisoner's own to support the prisoner's allegations, then the motion may be dismissed. Walton v. State, 752 So.2d 452, 456 (Miss.Ct.App. 1999). However, "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal...." Miss.Code Ann. § 99-39-11 (Rev.2000).
¶ 6. Edwards' motion for post-conviction relief lacked the requisite affidavits of witnesses who could prove the alleged facts. We will briefly address the issues that are raised to make certain that no errors affecting fundamental rights are presented.

1. Failure to Order Psychiatric Evaluation.
¶ 7. A trial judge is required, before accepting a plea of guilty, to "determine that the accused is competent to understand the nature of the charge." URCCC 8.04(4)(a) (2000). The court has authority to order, upon its own motion, a psychiatric evaluation of the accused. Miss.Code Ann. § 99-13-11 (Rev.2000). "Even where the issue of competency to stand trial has not been raised by defense counsel, the trial judge has an ongoing responsibility to prevent the trial of an accused unable to assist in his own defense." Howard v. State, 701 So.2d 274, 280 (Miss.1997). The decision to order a mental examination is within the discretion of the trial judge; there is "no abuse of discretion in denying a mental evaluation where there has been no proof presented to the judge." Dunn v. State, 693 So.2d 1333, 1340-41 (Miss.1997).
¶ 8. The evidence that Edwards desires that we consider arose at the plea hearing. Various family members informed the judge that they believed the defendant had problems with drugs and alcohol. One of his family said, "I would like to know can you all get him some help, because I believereally believe that he needs some help, because he keeps doing the same things over and over again. You know, drug and alcohol rehabilitation or something." Other witnesses agreed.
¶ 9. Edwards' counsel requested, after Edwards' sentence was announced, that an order be entered for Edwards' "examination and treatment." The court as part of its sentencing order required that the Department of Corrections provide Edwards with "drug and alcohol assessment and treatment."
¶ 10. We find nothing in these statements to suggest that Edwards was either incompetent to enter a plea or that he was unaware of his acts at the time of the assault. Moreover, the trial court questioned Edwards extensively before accepting the guilty plea. Edwards stated that he had completed the eleventh grade and could read and write. He denied that he was then under the influence of alcohol or drugs. Edwards stated that he understood the various effects of pleading guilty that were described by the court.
¶ 11. The trial court found that Edwards was competent to understand the nature of the offense charged, and that he understood the consequences of pleading guilty, the sentence that could be imposed, and that he was waiving certain constitutional rights. The trial court found that *1043 Edwards entered his plea voluntarily and intelligently and that such plea had an adequate factual basis. That he in addition may have had a drug and alcohol problem was dealt with by the trial court.
¶ 12. There was no evidence presented either in the petition or at the earlier plea hearing, objectively considered, that should reasonably have raised a doubt about Edwards' competency to enter a plea, understand or appreciate the importance of the guilty plea hearing, or aid his attorney in his defense. We cannot say that the trial court abused its discretion in not ordering, upon its own motion, a psychiatric evaluation of Edwards.
¶ 13. Edwards now also claims that he should have been allowed to plead temporary insanity as a defense, and that the trial judge should have considered his alleged low level of intelligence. These new arguments, not raised before the trial court, are procedurally barred. Robinson v. State, 784 So.2d 966, 971 (Miss.Ct.App. 2000).

2. Involuntary Guilty Plea and Ineffective Assistance of Counsel.
¶ 14. Edwards argues that his guilty plea was involuntary because his attorney did not inform him that he possibly had available a valid temporary insanity defense, neither the trial court nor his attorney requested a psychiatric evaluation, and his attorney incriminated Edwards by agreeing that there was a factual basis for the guilty plea. Edwards also argues that he received ineffective assistance of counsel because his attorney did not inform him that he could plead temporary insanity, his attorney coerced him into pleading guilty, and his attorney told him that by pleading guilty he would receive a sentence of only five to ten years.
¶ 15. The issue of whether a psychiatric evaluation was necessary to determine competency, having previously been dealt with, will not be discussed again. As to the claim that Edwards' attorney incriminated him, pleading guilty necessarily entails incriminating one's self.
¶ 16. Edwards now claims that his attorney did not inform him that he had available a valid temporary insanity defense. His petition to enter a guilty plea stated that he and his attorney had discussed his case fully and all of the facts and circumstances surrounding his case had been explained. This new claim must fall to the sworn statements at the guilty plea. Taylor v. State, 682 So.2d 359, 363 (Miss.1996).
¶ 17. Edwards did not raise the issue of coercion or deception as to the sentence in his motion for post-conviction relief. As mentioned before, issues not raised before the trial court are barred.
¶ 18. To maintain a claim for ineffective assistance of counsel, Edwards must have alleged "`with specificity and detail' that counsel's performance was deficient and that the deficient performance so prejudiced his defense so as to deprive him of a fair trial." Moore v. State, 676 So.2d 244, 246 (Miss.1996). Edwards failed in his motion for post-conviction relief to allege with specificity and detail how his attorney's alleged failure to advise him of a possible temporary insanity defense deprived him of a fair trial. The only evidence presented at the hearing even remotely related to a defense of temporary insanity was that Edwards may have had a problem with drugs and alcohol. It was not established that Edwards even had these problems. The court only ordered that Edwards be evaluated for possible drug and alcohol treatment.
*1044 ¶ 19. What is established is that "[i]f a defendant, when sober, is capable of distinguishing between right and wrong, and the defendant voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated and commits an offense while in that condition, he is criminally responsible for such acts." Greenlee v. State, 725 So.2d 816, 823 (Miss.1998). Had Edwards presented at trial a defense to aggravated assault based on voluntary intoxication, such a claim would not have provided a defense to the offense charged.
¶ 20. Edwards has not made the requisite showing that his counsel's performance was deficient and that such deficient performance prejudiced his defense so as to deprive Edwards of a fair trial.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.