864 So.2d 1041 (2004)
Frank HEBERT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00395-COA.
Court of Appeals of Mississippi.
February 3, 2004.
*1042 Frank Hebert and Mary Hebert, appellants, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, IRVING, and MYERS, JJ.
BRIDGES, J., for the Court.
¶ 1. Frank Hebert was indicted by the grand jury of Lincoln County on the charge of sexual battery in violation of Mississippi Code Annotated section 97-3-95. Frank was convicted and sentenced to serve a term of ninety-three years in the Mississippi Department of Corrections. Frank filed a motion for post-conviction relief which the circuit judge denied for *1043 failing to allege with specificity and detail any asserted errors of Mary's attorney which would result in an ineffective assistance of counsel claim, and for failing to allege with specificity and detail any cause or prejudice which would result in any other claim under the Post-Conviction Relief Act. Frank now appeals to this Court.[1] Frank's issues stated in his brief are listed below verbatim.

STATEMENT OF THE ISSUES
I. WHETHER LOWER COURT ERRORED [sic] IN DENYING THE APPELLANTS DUE PROCESS OF THE LAW.
II. WHETHER COURT ERRORED [sic] IN DENYING EFFECTIVE ASSISTANCE OF COUNSEL TO CO-APPELLANT AT PRE-TRIAL PROCEEDINGS AND PLEA HEARING.
III. WHETHER COURT ERRORED [sic] IN DENYING APPELLANT EFFECTIVE COUNSEL AND WAS COUNSEL INEFFECTIVE AT PRE-TRIAL PROCEEDINGS AND HEARING.

FACTS
¶ 2. Frank's indictment contained eleven individual counts charging him with sexual battery, gratification of lust, exploitation of a child, and conspiracy. Frank entered pleas of guilty on November 28, 2001, and following the plea hearing, the circuit judge sentenced and fined Frank. On December 17, 2002, approximately thirteen months following his plea of guilty, Frank filed his motion for post-conviction relief. The motion claimed issues of ineffective assistance of counsel and involuntary plea. On January 11, 2003, Frank's motion for post-conviction relief was summarily denied as manifestly without merit. Frank now appeals to this Court.[2]

ANALYSIS

I. WHETHER LOWER COURT ERRORED [sic] IN DENYING THE APPELLANTS DUE PROCESS OF THE LAW.
¶ 3. Frank assigns as one of his issues that he was denied due process "of the law." He does not discuss due process nor does he indicate in his brief how his due process rights were violated. Since we have no basis for discussion of either case law or argument, it is impossible for us to address this matter.

II. WHETHER COURT ERRORED [sic] IN DENYING EFFECTIVE ASSISTANCE OF COUNSEL TO CO-APPELLANT AT PRE-TRIAL PROCEEDINGS AND PLEA HEARING.

III. WHETHER COURT ERRORED [sic] IN DENYING APPELLANT EFFECTIVE COUNSEL AND WAS COUNSEL INEFFECTIVE AT PRE-TRIAL PROCEEDINGS AND HEARING.
¶ 4. Another assignment of error made by Frank is that he received ineffective assistance of counsel in that defense counsel *1044 failed to perform an independent investigation of the evidence which the State alleged to have had against Frank. Frank also claims that he was "materially misadvised as to the duration of his sentence."
¶ 5. In Burnett v. State, 831 So.2d 1216, 1220(¶ 17) (Miss.Ct.App.2002), the Court states that the judge's findings concluding the plea was validly made and that counsel was effective will not be set aside unless the findings are clearly erroneous. The Supreme Court of the United States in the case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), clearly set the guidelines for judicial determination of cases involving effective or ineffective assistance of counsel.
¶ 6. There are two components that Frank must prove in order for his claim of ineffective assistance of counsel to prevail and require reversal of his conviction. First, he must show that his "counsel's performance was deficient." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Second, he must show that the "deficient performance prejudiced the defense." Id. This requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In regards to this second prong, Frank must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052; see Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985); Stringer v. State, 454 So.2d 468, 477 (Miss.1984). Frank must prove both of these elements in order to succeed on his claim. Id. Each case should be decided based on the totality of the circumstances, that is, by looking to the evidence in the entire record. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990); Stringer, 454 So.2d at 476. The standard of performance used is whether counsel provided "reasonably effective assistance." Leatherwood, 473 So.2d at 968. "There is a strong presumption that counsel's conduct is within the wide range of reasonable professional conduct." Id. at 969. Should we find that Frank's counsel was ineffective, the appropriate remedy is remand for a new trial. Moody v. State, 644 So.2d 451, 456 (Miss. 1994).
¶ 7. After reviewing the record, the following was found: First, Frank signed the "Know Your Rights Before Pleading" form under the trustworthiness of an oath under the pain and penalty of perjury, which reflects that he understood he was not eligible for probation in the wake of his plea. Second, the transcript of the plea-qualification hearing reflects the circuit judge was well aware of Frank's mental and drug related problems. The circuit judge stated: "I order that you [Frank] get whatever psychiatric care that the Department of Corrections has available for you...." Frank answered "no" when asked at the plea-qualification hearing if either he was "under the influence of any drug or alcohol or medicine or narcotic at this time."
¶ 8. Frank signed a "Petition to Enter Plea of Guilty" on November 27, 2001, which reads in pertinent part, as follows:
I believe that my lawyer is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help he has given me.
¶ 9. In addition to this, the record reflects the following discussion:
COURT: Has your attorney answered all your questions?
FRANK: Yes, sir.
COURT: Are you satisfied with your attorney's representation?
FRANK: Yes, sir.
¶ 10. Further, Frank complains about the lack of any pretrial investigation; *1045 however, he failed to tell the trial judge and has failed to tell this Court what facts in mitigation a further investigation would have revealed or uncovered. It follows that Frank has not demonstrated prejudice where, as here, he has not alleged anything that would have lead to a different result.
¶ 11. It is noteworthy that Frank also alleges that he should have been afforded an evidentiary hearing before the circuit judge. A trial court has considerable discretion in determining whether to grant an evidentiary hearing. Meeks v. State, 781 So.2d 109, 114(¶ 14) (Miss.2001). Not every motion for post-conviction relief filed in the trial court must be afforded a full adversarial hearing. Jones v. State, 795 So.2d 589, 590(¶ 3) (Miss.Ct.App.2001). A trial judge may disregard the assertions made by a post-conviction movant where, as here, they are substantially contradicted by the court record of proceedings that led up to the entry of a judgment of guilt. White v. State, 818 So.2d 369, 371(¶ 4) (Miss.Ct.App.2002).
¶ 12. This Court finds that the circuit court properly denied Frank's motion for post-conviction relief targeting the effectiveness of counsel and narrowly discussing the voluntariness of his plea, as being without merit.
¶ 13. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., KING, SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER, AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Appellant makes reference in several parts of his brief to a co-appellant. We assume he is referring to Mary Hebert; however, Mary has not perfected any appeal nor has she filed any appellate brief. Therefore, this Court will make no findings or opinions with respect to Mary Hebert. Since Frank is unauthorized to represent Mary as her attorney and since Mary has not personally filed any briefs or other evidence of appeal, he may not include her in his request for relief.
[2] Although Frank's issues concern due process and ineffective assistance of counsel, his brief also contained language concerning involuntary plea and the denial of an evidentiary hearing by the circuit court. While this opinion centers around Frank's main issues it also briefly addresses the voluntariness of the plea and also the denial of a hearing (to cover all bases).