934 So.2d 313 (2006)
Ricky Lee LONG a/k/a Leon Long, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01884-COA.
Court of Appeals of Mississippi.
March 21, 2006.
Rehearing Denied July 25, 2006.
*314 John Carl Helmert, Clarksdale, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Ricky Lee Long was convicted of burglary and was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections as an habitual offender. Long appeals, raising the following issues:
I. WHETHER THE TRIAL COURT ERRED BY ALLOWING A WITNESS TO BE IMPEACHED WITH A STATEMENT MADE PRIOR TO HIS TESTIMONY
II. WHETHER THE TRIAL COURT ERRED BY NOT GRANTING A DIRECTED VERDICT, A PEREMPTORY INSTRUCTION OR A JUDGMENT NOTWITHSTANDING THE VERDICT
III. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING A NEW TRIAL
IV. WHETHER THE TRIAL COURT ERRED IN NOT INSTRUCTING THE JURY THAT THE CASE WAS BASED ON CIRCUMSTANTIAL EVIDENCE
V. WHETHER LONG WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 2. We find no error and affirm.

FACTS
¶ 3. On August 20, 2002, Billy Scott was walking near his home in Lee County when he saw a strange vehicle at his neighbor's, Bryan Henderson, house. The car was ten yards from Henderson's driveway. *315 Scott saw three people at the car; two of them were loading items into the car. When Scott approached, the three men got into the car and left at a high rate of speed. Scott recognized Dustin Wright as one of the three individuals and gave police a description of the other two.
¶ 4. At trial, Scott testified that Wright sometimes lived with his grandfather, who lived approximately seventy-five yards from the Henderson home. Scott identified Long as one of the people he saw at Henderson's house. Scott gave a description of the car and a partial license plate number. Henderson testified that several items were taken from his home, including a television, some stereo equipment, a camcorder, and several pieces of jewelry. Most of these items were recovered from Long's apartment.
¶ 5. At trial, Long testified that he bought the items from Wright. Long admitted that he was near the scene, but he claimed that he was at Wright's grandfather's house, which was seventy-five yards away. Long denied any involvement in the burglary. He specifically denied being in the Henderson home or taking anything from the Henderson home.
¶ 6. Wright was called to testify by the State. His trial testimony differed from his statement to the police. Wright claimed at trial that he alone had burglarized the Henderson home. He also claimed that the stolen items were hidden down the street at his grandfather's home/business. Wright testified that he called Long, whom he had never met, and offered to sell him the items taken in the burglary. The State then sought to impeach Wright with his prior statement. The court allowed the impeachment testimony, after finding that his trial testimony was not consistent with his prior statement. The jury found Long guilty of burglary.

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED BY ALLOWING A WITNESS TO BE IMPEACHED WITH A STATEMENT MADE PRIOR TO HIS TESTIMONY
¶ 7. Prior to trial, Wright gave a verbal statement to Officer Truman Carter of the Lee County Sheriff's Department. Wright signed the statement which was not taken under oath. Long argues that Wright's testimony at trial was not inconsistent with the prior statement. Therefore, it was impermissible for Wright to be impeached with the statement.
¶ 8. Under Mississippi Rules of Evidence Rule 613(b), a prior statement of a witness must be inconsistent with trial testimony to be admissible. Everett v. State, 835 So.2d 118, 122(¶ 11) (Miss.Ct.App. 2003). Hearsay testimony of a prior inconsistent statement under Mississippi Rules of Evidence Rule 613(b) is admissible into evidence only if a foundation is laid in which the witness is given an opportunity to explain or deny the statement. Flowers v. State, 842 So.2d 531, 551 (Miss. 2003). It is generally held that a prior statement is inconsistent if under any rational theory its introduction might lead to a conclusion different from the witness's testimony. Id.
¶ 9. In the statement to Officer Truman, Wright stated that Long went into "the house." At trial, Wright testified that Long went into the house where Wright was staying with his grandfather. The trial court having heard the testimony and read the statement, did not accept this interpretation. The court stated, "Counsel, I don't want to quibble over what it says, but it seems clear to me that the house they entered is Bryan Henderson's house."
*316 ¶ 10. Long argues that Wright's prior statement was hearsay. However, hearsay is admissible if the statement was not admitted for the truth of the matter, but only to impeach Wright. Hall v. State, 691 So.2d 415, 420 (Miss.1997). The trial court gave an instruction to the jury that the statement could not be used as direct evidence but could only be considered for purposes of impeachment. Jurors are presumed to follow the instructions of the court. Grayson v. State, 879 So.2d 1008, 1020 (¶ 32) (Miss.2004). "To presume otherwise would be to render the jury system inoperable." Id. (citing Johnson v. State, 475 So.2d 1136, 1142 (Miss.1985)). Therefore, we do not find that the trial court erred in allowing Wright's statement to be used for the limited purpose of impeachment.

II. WHETHER THE TRIAL COURT ERRED BY NOT GRANTING A DIRECTED VERDICT, A PEREMPTORY INSTRUCTION OR A JUDGMENT NOTWITHSTANDING THE VERDICT OF THE JURY
¶ 11. Motion's for directed verdict, a peremptory instruction, and a judgment notwithstanding the verdict (JNOV) are all viewed by the same standard. Hawthorne v. State, 835 So.2d 14, 21 (¶ 31) (Miss. 2003). These motions all challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The standard of review is that all evidence supporting the guilty verdict is accepted as true and the State must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. Bell v. State, 910 So.2d 640, 646(¶ 16) (Miss.Ct. App.2005).
¶ 12. Long contends that the only proof of his involvement in the burglary is his possession of some of the items stolen and the testimony of one eyewitness who did not see anyone enter the Henderson home. However, Long correctly notes that mere possession of stolen items is equally probative of guilt and innocence of a particular crime. Shields v. State, 702 So.2d 380, 382 (Miss.1997). This contention alone is sufficient to support the guilty verdict.
¶ 13. Long again rehashes his argument that the prior inconsistent statement of Wright should not have been allowed in this case because the statement implied that Long was at Henderson's home. As previously stated, the judge instructed the jury that the statement was not to be used as direct evidence. Long's argument fails to consider Scott's testimony regarding the same matter. Scott testified that Long was one of the three individuals who were loading the stolen items into a car at the Henderson home and who fled at a high rate of speed when they spotted him. This is direct evidence that Long was not at his grandfather's home but rather, was actively participating in the burglary. Also, the evidence is probative of guilt. "Evidence of unexplained flight is admissible as consciousness of guilt." Miles v. State, 864 So.2d 963, 967(¶ 15) (Miss.Ct.App.2003). The fact that Long was not at his grandfather's house would have been admitted through Scott's testimony, regardless of Wright's inconsistent statement. Therefore, this assignment of error is without merit because there was sufficient evidence to support the jury verdict.

III. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING A NEW TRIAL
¶ 14. In considering whether a new trial should be granted, the appellate court must consider all the evidence and determine whether the verdict is "so contrary to the overwhelming weight of the *317 evidence that to allow it to stand would sanction an unconscionable injustice." Sykes v. State, 749 So.2d 239, 242(¶ 7) (Miss.Ct.App.1999). If the Court so finds, then the guilty verdict must be reversed and a new trial ordered. Id.
¶ 15. Again, Long is arguing that the verdict was based primarily on the unsworn prior statement of Wright. As previously discussed, the statement was allowed for a limited purpose and the jury was instructed that it was not evidence against Long. Long conveniently ignores that there was testimony placing him at the scene of the robbery and in the car which sped away when an eyewitness was seen. Long was in possession of the stolen property, as he and Wright testified at trial. All the portions of the testimony which Long contends support his argument could just as easily have been rejected by the jury. It is the responsibility of the jury to resolve conflicts in testimony. "They may believe or disbelieve, accept or reject the utterances of any witness." Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Therefore, no unconscionable injustice has resulted and we reject this assignment of error.

IV. WHETHER THE TRIAL COURT ERRED IN NOT INSTRUCTING THE JURY THAT THE CASE WAS BASED ON CIRCUMSTANTIAL EVIDENCE
¶ 16. It is the contention of Long that this was a purely circumstantial evidence case and the jury should have been instructed on the burden of proof based on circumstantial evidence. As shown by the record and confessed by Long in his brief, no circumstantial evidence instruction was tendered to the court by Long's trial counsel. Therefore this issue is not properly preserved and is procedurally barred on appeal. The courts have long held that a trial judge will not be put in error on a matter which was not presented to him for a decision. Milano v. State, 790 So.2d 179, 189 (¶ 47) (Miss.2001).
¶ 17. Even without the bar, this issue is without merit. A circumstantial evidence instruction is proper only when there is no direct evidence, such as eyewitness testimony. That is, the State's case is not wholly circumstantial when there is a mix of direct and circumstantial evidence. Sheffield v. State, 749 So.2d 123, 126 (¶ 12)(Miss.1999). In this case, there was direct eyewitness evidence which put Long at the scene of the burglary placing items in a car. If a circumstantial evidence instruction had been tendered, it would have been error to grant the instruction. Therefore, this issue is procedurally barred and even if it were not so the error would also be without merit.

V. WHETHER LONG WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 18. A claim of ineffective assistance of counsel is analyzed under the standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Robinson v. State, 784 So.2d 966, 971(¶ 10) (Miss.Ct.App.2001). In order to prevail, an appellant must show that the actions of counsel were deficient and that the outcome of the trial would have been different but for the deficiency. Id.
¶ 19. Long claims that counsel was ineffective for failing to request a circumstantial evidence jury instruction on the burden of proof. As noted in the previous assignment of error, a circumstantial evidence instruction would not have been proper under the facts of this case. The failure of trial counsel to request such an instruction was not error and is not *318 grounds for a claim of ineffective assistance of counsel.
¶ 20. Long claims that counsel was ineffective for failing to object to the prior statement of Wright as hearsay. Similarly, the failure of counsel to object to the prior statement of Wright as hearsay was not error. As found in our previous discussion, the court properly allowed the former statement of Wright to be used for impeachment and any objection as to hearsay by trial counsel would not have resulted in any change in the outcome.
¶ 21. In his final argument under this issue, Long argues that trial counsel should have requested a lesser-included offense instruction of receiving stolen property. However, this would have been inconsistent with Long's theory of the case. His theory and defense were that the State did not prove its case, not that Long merely received stolen property. Therefore, this was a proper trial strategy, either all or nothingguilty or acquittal. We conclude that Long has failed to show that his trial counsel was ineffective.
¶22. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF BURGLARY AND SENTENCE OF TWENTY-FIVE YEARS AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.