963 So.2d 577 (2007)
Danny BROWN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CA-01342-COA.
Court of Appeals of Mississippi.
August 21, 2007.
*578 William E. Goodwin, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING, CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. Danny Brown entered into a plea agreement with the State and subsequently pled guilty to armed robbery, conspiracy to commit armed robbery, and aggravated assault. Following the trial court sentencing Brown in excess of the State's recommended sentence, Brown filed a motion for post-conviction collateral relief with the Circuit Court of Pike County. The trial court denied Brown's motion, and this appeal followed.

FACTS AND PROCEDURAL HISTORY
¶ 2. Brown and two accomplices were indicted for burglary of a dwelling (Count *579 I), armed robbery (Count II), conspiracy to commit armed robbery (Count III), and aggravated assault (Count IV) by the grand jury of Pike County. The State presented Brown with a written plea bargain, dated March 11, 2003, entitled "Recommended Sentence" in which it agreed to nol pros Count I, and recommend concurrent sentences for the remaining counts to include a five year sentence for Count III and a combined twenty year sentence, twelve suspended, for Counts II and IV, as well as a $7,000 fine and other restitution. In exchange, it was stipulated that Brown was to truthfully testify against one of his co-defendants, Curtis Hardin. Written in at the bottom of the agreement was the phrase, "offer expires April 29, 2003."
¶ 3. Brown subsequently pled guilty in the Circuit Court of Pike County on June 13, 2003, however sentencing was delayed in order for the trial judge to receive and review Brown's pre-sentence investigation report. Brown's sentencing hearing was held on June 23, 2003. At its conclusion, the trial judge sentenced Brown into the custody of the Mississippi Department of Corrections for forty years on Count II, five years on Count III, and ten years on Count IV with all counts running consecutively. Further, Brown was ordered to serve the first fifteen years on Count II with the remaining twenty-five years to be served on postrelease supervision, serve the first one year on Count III with the remaining four years to be served on post-release supervision, and serve the first five years on Count III with the remaining five years to be served on post-release supervision. Brown was also ordered to pay additional fines and costs.
¶ 4. Brown then filed his motion to vacate conviction and sentence on June 5, 2006, pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss.Code Ann. §§ 99-39-1 to -29 (Rev. 2000). Within his motion, Brown claimed that his plea agreement was breached and that he was coerced into pleading guilty. Additionally, he claims his sentencing counsel was ineffective in not objecting to the trial court's sentence. In a July 3, 2005 order, the trial court summarily denied Brown's motion. This appeal followed.

ANALYSIS
I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT AN EVIDENTIARY HEARING.
¶ 5. Brown argues that he was entitled to an evidentiary hearing on his claim that he was denied the benefit of his bargain with the prosecution. A trial court enjoys wide discretion in determining whether to grant an evidentiary hearing. Hebert v. State, 864 So.2d 1041(¶ 11) (Miss.Ct.App.2004). As such, "not every motion for post-conviction relief filed in the trial court must be afforded a full adversarial hearing." Id. "A trial judge may disregard the assertions made by a post-conviction movant where, as here, they are substantially contradicted by the court record of proceedings that led up to the entry of a judgment of guilt." Id. Finally, "[i]f a prisoner's motion for post-conviction relief does not contain any affidavits, other than the prisoner's own to support the prisoner's allegations, then the motion may be dismissed." Edwards v. State, 796 So.2d 1040(¶ 5) (Miss.Ct.App.2001).
¶ 6. While the "Recommended Sentence" agreed to by the prosecution and Brown does contain a requirement that Brown testify against Hardin, there is no indication in the record that Brown did so other than the unsupported statement in Brown's brief that "Brown fulfilled his obligations under the plea agreement . . . by *580 way of an orally recorded statement prior to sentencing." The record contains no affidavit from Brown's trial attorney, the prosecutor, or anyone else alleging that Brown completed this portion of the agreement between him and the State. Additionally, during his plea hearing on June 13, 2003, there is no mention of this additional servitude on Brown's part. In fact, Brown pled guilty during a combined plea hearing involving three other defendants, one of whom was Hardin. This alone would indicate that Brown's alleged testimony concerning Hardin was not given. In fact, it is apparent from the record that both Brown and Hardin received the same plea agreement from the State. Moreover, the record indicates that when the trial judge accepted the plea agreements on two of the four defendants who were standing before him, but refused to accept Brown and Hardin's plea agreements and ordered a pre-sentence investigation, Brown stood silently and did not complain.
¶ 7. The plea hearing shows that Brown was informed of the minimum and maximum sentence each of his remaining three counts carried, and expressed his understanding that his guilty plea placed him into a situation in which he could be sentenced to the maximum as the court was not a party to any plea bargain he may have entered with the State. Furthermore, when asked if anyone had threatened, abused, or promised him anything to cause his guilty plea, Brown responded in the negative. Therefore, without the benefit of affidavits by those with personal knowledge testifying to the issue of whether Brown did fulfill some additional obligation, or any hint in the record to such a fact, we cannot say that the trial court abused his discretion in denying Brown's motion without granting an evidentiary hearing. As such, this issue is without merit.
II. WHETHER BROWN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS SENTENCING.
¶ 8. Brown next argues that his trial attorney was ineffective in that he did not object to the trial court's sentence. A claim of ineffective assistance of counsel must be evaluated under the standard announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hannah v. State, 943 So.2d 20(¶ 6) (Miss.2006). First, it must be shown that counsel's representation fell below an objective standard of reasonableness. Id. Once this is satisfied the defendant must then demonstrate there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.
¶ 9. Brown essentially argues that his trial attorney was ineffective as a result of his failure to bring to the sentencing court's attention the facts of his plea agreement. However, the lower court was fully apprised of the State recommendation as to Brown. As far as his trial attorney informing the lower court of Brown's compliance with some additional requirement of the plea bargain, as noted in our resolution of issue I, there is nothing in the record that would indicate that Brown fulfilled this requirement to testify against Hardin. As such, we can hardly say that Brown's attorney was ineffective in failing to argue facts of which there is no proof. Therefore, this issue is without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*581 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.