KING, C.J.,
 

 for the Court.
 

 ¶ 1. Sarah Attaberry filed her motion for post-conviction relief on February 14, 2008. The Circuit Court of Jones County denied the motion. Aggrieved, Attaberry appeals, raising the following four issues:
 

 I. Whether she received ineffective assistance of counsel;
 

 II. Whether she was properly indicted for burglary;
 

 III. Whether the trial judge erred by not recusing himself from her case; and
 

 
 *169
 
 IV. Whether she entered an intelligent and voluntary guilty plea.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Attaberry was indicted for burglary under cause number 2006-78-kr2, alleging that she broke and entered the residence of Diane Haggins in Laurel, Mississippi with the intent to steal. She was also indicted for burglary and grand larceny under cause number 2006-268-kr2, alleging that she broke and entered the home of Elizabeth Mulloy in Laurel, Mississippi with the intent to steal and that she felo-niously took jewelry belonging to Zane Lambert with the intent to permanently deprive her thereof.
 

 ¶ 3. The cases were consolidated, and on March 30, 2007, Attaberry entered a guilty plea to all charges. After a thorough inquiry, the trial court accepted Attaberry’s plea as knowing and voluntary. On the first count of burglary, the trial court sentenced her to serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with five years suspended and five years of post-release supervision. On the second count of burglary, the trial court sentenced her to serve fifteen years in the custody of the MDOC, with five years suspended and five years of post-release supervision. On the charge of grand larceny, the trial court sentenced her to serve ten years in the custody of the MDOC. All sentences were ordered to run concurrently. The trial court also ordered Attaberry to participate in the trial court’s community service program; to pay a $2,000 fine; and to pay restitution to the victims.
 

 ¶ 4. On February 14, 2008, Attaberry filed her motion for post-conviction relief, arguing that she received ineffective assistance of counsel and that her plea was involuntary. The trial court dismissed the motion, finding that Attaberry failed to voice any objection to her trial counsel’s representation during the guilty plea proceeding, and she entered an intelligent and voluntary guilty plea. Aggrieved, Attaber-ry timely filed this appeal.
 

 ANALYSIS
 

 ¶ 5. Mississippi Code Annotated section 99-39-11(2) (Rev.2007) provides that a trial court may dismiss a motion for post-conviction relief “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....” When reviewing the trial court’s dismissal of a motion for post-conviction relief, this Court will not disturb the trial court’s findings of fact unless they are clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(2) (Miss.Ct.App.2004). However, issues of law are reviewed de novo.
 
 Id.
 

 I. Ineffective Assistance of Counsel
 

 ¶ 6. To succeed on a claim of ineffective assistance of counsel, the defendant must prove that: (1) her trial counsel’s performance was deficient, and (2) that trial counsel’s deficiency prejudiced her defense.
 
 Cole v. State,
 
 918 So.2d 890, 894(10) (Miss.Ct.App.2006) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). There is a “strong but rebuttable presumption that [trial counsel’s] performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic.”
 
 Covington v. State,
 
 909 So.2d 160, 162(4) (Miss.Ct.App.2005) (citing
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995)). The defendant may rebut this presumption upon a showing that her trial counsel committed “unprofessional errors of substantial gravi
 
 *170
 
 ty,” and but for trial counsel’s errors, she would not have entered a guilty plea.
 
 Cole,
 
 918 So.2d at 894(10) (citing
 
 Reynolds v. State,
 
 521 So.2d 914, 918 (Miss.1988)).
 

 ¶ 7. Attaberry claims that her trial counsel failed to adequately represent her and failed to prepare a reasonable defense. She also claims that her trial counsel failed to inform her that her prior criminal history would not be a factor during her guilty plea proceeding. To prove that trial counsel’s pretrial preparation was insufficient, the defendant “must provide specific acts or omissions by [her] attorney which would create substantial questions of fact concerning [her] attorney’s assistance.”
 
 Rankins v. State,
 
 839 So.2d 581, 583(8) (Miss.Ct.App.2003). Besides her bare assertions, Attaberry has failed to provide this Court with any specific acts or omissions which would cause us to question her trial counsel’s assistance. Thus, this argument is without merit.
 

 ¶ 8. Next, Attaberry claims that her trial counsel erred by not requesting that the trial judge recuse himself from her case based upon him previously being victimized and his personal relationship ■with two of the victims in her case. Based upon the circumstances surrounding a case, a judge must recuse himself if a reasonable person knowing all of the circumstances would doubt whether the judge could remain impartial.
 
 Brooks v. State,
 
 953 So.2d 291, 295(15) (Miss.Ct.App.2007). “There is a presumption that a judge is impartial and unbiased in every case before him.”
 
 Id.
 
 Thus, the defendant must prove allegations of bias beyond a reasonable doubt.
 
 Id.
 
 at 296. Besides her bare allegations, Attaberry provides no evidence or affidavits in support of her allegations that would cause us to question the trial judge’s impartiality.
 

 ¶ 9. This Court has held that “[i]f a prisoner’s motion for post-conviction relief does not contain any affidavits, other than the prisoner’s own to support the prisoner’s allegations, then the motion may be dismissed.”
 
 Brown v. State,
 
 963 So.2d 577, 579(9) (Miss.Ct.App.2007) (quoting
 
 Edwards v. State,
 
 796 So.2d 1040, 1042(5) (Miss.Ct.App.2001)). Attaberry’s bald allegations of ineffective assistance of counsel are insufficient to pass the
 
 Strickland
 
 test. Thus, we find that the trial court did not err by dismissing Attaberry’s claim of ineffective assistance of counsel.
 

 II. Indictment for Burglary
 

 ¶ 10. On appeal, Attaberry argues that she was not properly indicted for burglary. Once again, Attaberry claims that her trial counsel failed to investigate the circumstances surrounding her case, suggesting that there was no evidentiary basis for the crimes charged. Specifically, she argues that nothing was taken from the victims’ homes; one of the victims threatened to murder her; and another victim made inappropriate sexual advances toward her. Attaberry also maintains that she was under the influence of mood altering substances during the commission of these crimes. She contends that the foregoing should have been mitigating factors in regard to her sentencing.
 

 ¶ 11. In this assignment of error, Attaberry essentially attempts to persuade this Court that she did not commit the crimes to which she pled guilty. However, “[t]he question of a petitioner’s guilt will not be litigated on appeal.”
 
 Roby v. State,
 
 861 So.2d 368, 371(11) (Miss.Ct.App.2003). A review of the record reveals that Attaberry failed to raise any objection regarding her indictment before entering her guilty plea. She also admitted that there was a legal and factual basis for the entry of her plea. By entering her guilty plea, Attaberry waived any complaints regard
 
 *171
 
 ing non-jurisdictional defects in the indictment.
 
 See Hentz v. State,
 
 852 So.2d 70, 76(17) (Miss.Ct.App.2003). She also failed to raise any error regarding her indictment to the trial court in her motion for post-conviction relief. Thus, we are procedurally barred from considering this issue on appeal.
 
 See Harris v. State,
 
 811 So.2d 373, 374(7) (Miss.Ct.App.2001).
 

 ¶ 12. Attaberry argues that the circumstances surrounding her case should have been mitigating factors in her sentence. However, sentencing is within the sound discretion of the trial court, and this Court will not disturb the sentence as long as it is within the limits prescribed by the law.
 
 Jones v. State,
 
 976 So.2d 407, 414(23) (Miss.Ct.App.2008). Attaberry does not argue that her sentence is outside of the permissible sentencing range. Thus, we do not find any error on behalf of the trial court in regard to her sentence. This argument is without merit.
 

 III. Recusal
 

 ¶ 13. Attaberry maintains that the trial judge was biased against her because he had been burglarized twice, and he had a personal relationship with two of the victims involved in her case. Thus, she argues that the trial judge erred by not recusing himself from her case.
 

 ¶ 14. As previously discussed, there is a presumption that a trial judge is impartial and unbiased in every case which comes before him.
 
 Brooks,
 
 953 So.2d at 295(15). Attaberry never filed a motion requesting the trial judge to recuse himself from her case. Besides her bare allegations, Attaberry has not provided this Court with any affidavits to support her allegations of bias against the trial judge. A motion for post-conviction relief may be dismissed if the petitioner does not provide affidavits in support of her allegations.
 
 Brown,
 
 963 So.2d at 579(9). Attaberry has failed to provide any evidence rebutting the presumption, and we do not find anything in the record which would cause us to question the trial judge’s impartiality. Accordingly, we find that this issue is without merit.
 

 IV. Intelligent and Voluntary Guilty Plea
 

 ¶ 15. Before accepting a defendant’s guilty plea, the trial court must determine that: (1) the defendant entered an intelligent and voluntary guilty plea, and (2) there was a factual basis for the guilty plea.
 
 Grimes v. State,
 
 812 So.2d 1094, 1096(6) (Miss.Ct.App.2001) (quoting URCCC 8.04(A)(3)).
 

 ¶ 16. Attaberry argues that her trial counsel told her that the trial judge' had been burglarized, thereby intimidating her and forcing her to enter a guilty plea. Besides her bare assertion, she offers no evidence in support of this allegation. During her guilty plea proceeding, the trial judge asked Attaberry if anyone had threatened her into entering her guilty plea, and she assured him that she was not threatened. The trial judge asked her if she was satisfied with her trial counsel’s assistance, and she said that she was. The trial judge also asked Attaberry if she was under the influence of drugs, and she stated that she was not. Based on Attaberry’s sworn responses during her guilty plea proceeding, the trial judge found that she entered an intelligent and voluntary guilty plea. We find no evidence that Attaberry entered her guilty plea under any coercion or threat.
 

 ¶ 17. Next, Attaberry argues that she was never informed that she was ineligible for parole, and if she had known that she was ineligible for parole, she would not have entered a guilty plea. The supreme court has held that:
 

 It will, not be suggested by anybody that, before accepting a plea of guilty to
 
 *172
 
 an offense with respect to which parole is a possibility the judge must determine whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a “consequence” of a plea of guilty, but a matter of legislative grace. It is equally true that noneligibility for parole is not a “consequence” of a plea of guilty.
 

 Alexander v. State,
 
 605 So.2d 1170, 1173-74 (Miss.1992) (quoting
 
 Ware v. State,
 
 379 So.2d 904, 907 (Miss.1980)). Because it is not required that a defendant be informed of her eligibility for parole before entering her guilty plea, we find that this issue is without merit.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.