853 So.2d 841 (2003)
Jerry Lane HAMLIN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00933-COA.
Court of Appeals of Mississippi.
August 19, 2003.
*842 Jerry Lane Hamlin, appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the Court:
¶ 1. Jerry Hamlin pled guilty to one count of armed robbery. Hamlin was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections with twenty years suspended and placed on five years' post release supervision. The sentence was to run concurrently with the sentences in connection with the other charges to which he pled guilty that same day. Within two years of his plea, Hamlin filed a pro-se motion for post-conviction relief which was denied. Aggrieved he asserts the following:
I. IT WAS ERROR FOR THE COURT TO ACCEPT HAMLIN'S GUILTY PLEA WITHOUT AN AFFIRMATIVE SHOWING THAT IT WAS INTELLIGENT AND VOLUNTARY.
II. HAMLIN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

FACTS
¶ 2. Jerry Hamlin pled guilty to one count of robbery, one count of armed robbery and one count of kidnaping on July 18, 2000, in the Circuit Court of Alcorn County. Hamlin was questioned extensively regarding his plea of guilty on each individual count. The facts and charges set out in the indictment were read to him and he stated that he agreed with the indictment. During the plea hearing the circuit court explained each charge and the penalty each charge carried. Hamlin was questioned whether he understood the charges and whether his plea of guilty was *843 being entered knowingly and voluntarily. Hamlin answered in the affirmative.
¶ 3. Hamlin filed for post-conviction relief two years later which was denied by the circuit court.

ANALYSIS
¶ 4. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032(¶ 8) (Miss. 1999); Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). Hamlin provides little authority to support his issues as well as very few facts to substantiate his claims.
I. WAS IT ERROR FOR THE COURT TO ACCEPT HAMLIN'S GUILTY PLEA AND WAS HAMLIN'S PLEA ENTERED INTELLIGENTLY AND VOLUNTARILY?
¶ 5. Hamlin asserts that the record does not contain an adequate factual basis to support his guilty plea to the charge of armed robbery. He claims that since he did not admit to the fact that he was armed, then the court's acceptance of his guilty plea was in error.
¶ 6. The standard of review pertaining to voluntariness of guilty pleas is well settled: "this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999). The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence. Id. at 422 (superceded by Miss. Code Ann. §§ 99-39-23 (Rev.2000)); Terry v. State, 839 So.2d 543, 545(¶ 7) (Miss.Ct. App.2002). A plea is considered "voluntary and intelligent" if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
¶ 7. The circuit court questioned Hamlin as to the facts set out in the indictment and he affirmed the truth and veracity of those statements. Hamlin admitted to handing the cashier a note which stated that he had a gun and that the cashier should provide him with the money in the register. Hamlin admitted that he had a bulge in his pocket that any reasonable human would assume was a weapon. He admitted that he was the only person in the world who knew whether he in fact had a gun or not. After questioning Hamlin and explaining the entire indictment the circuit court asked Hamlin, "Did you commit that offense?" to which he replied, "Yes, sir." At which point the circuit court explained the penalty and Hamlin entered a plea of guilty.
¶ 8. In Hughey v. State, 512 So.2d 4 (Miss.1987), the defendant did not visibly brandish the weapon during the course of the robbery, instead leaving the purported weapon concealed under his shirt where the robbery victim saw the outline of an object that resembled a gun. Hughey, 512 So.2d at 5. This physical sighting, combined with the defendant's assertions as to the character of the item under his shirt (made contemporaneously to the victim and moments after the robbery to a third person), were found, acting in concert, to provide sufficient evidence to support an inference that the defendant was, in fact, armed. Id. at 6. In the case before us, we similarly have a visible bulge indicating an item concealed on Hamlin's person together *844 with his affirmative contemporaneous assertion that he was armed. Though it is unclear that Hamlin ever unequivocally admitted at the plea hearing that the bulge in his pocket was a deadly weapon, such an admission is not necessary to a guilty plea so long as the court is satisfied that the State has probative evidence tending to establish the essential elements of the crime.
¶ 9. "Admission of guilt is not a constitutional requirement for a guilty plea." Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). "What is required is an intelligent and voluntary plea and an independent evidentiary suggestion of guilt." Id. In this case, the State outlined to the Court what it believed it could establish by the proof. Based on the above analysis, this proof was sufficient to establish that Hamlin was armed during the robbery. Though having initially denied that he was armed, Hamlin was given a thorough explanation of the elements of the crime and heard the State's recitation of its proof, after which he affirmed his desire to enter a plea of guilty to armed robbery. Thus, we have both the necessary elements for a valid plea as set out in the Reynolds case.
II. DID HAMLIN RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 10. Hamlin claims that his defense counsel lied to the trial court, attempted to induce perjured testimony and gave up on the adversarial process. Hamlin fails to support his assertions with any factual basis or supporting affidavits.
¶ 11. A claim of ineffective assistance of counsel, in order to entitle the defendant to relief, requires both a showing of deficient performance and a showing that, but for the deficient performance, a different result would likely have resulted. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Donnelly v. State, 841 So.2d 207, 211(¶ 8) (Miss.Ct.App.2003). In order for Hamlin to prove the ineffective assistance of counsel claim, under Mississippi Code Annotated § 99-39-11(2) (Rev.2000), the allegation must be alleged with specificity. "[H]e must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Smith v. State, 434 So.2d 212, 219 (Miss.1983). See also Miss. Code Ann. § 99-39-9(1)(c) (Rev.2000); Terry v. State, 839 So.2d 543, 546(¶ 14) (Miss.Ct.App.2002).
¶ 12. We find that Hamlin has failed to meet his statutory burden of proof regarding the allegation of ineffective assistance of counsel in that his assertions lack the "specificity and detail" required to establish a prima facie showing. Hamlin fails to meet this burden of proof. Hamlin is required to show that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland, 466 U.S. at 686-87, 104 S.Ct. 2052. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.