953 So.2d 291 (2007)
Michael BROOKS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-02108-COA.
Court of Appeals of Mississippi.
April 3, 2007.
*292 Michael Brooks, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Michael Brooks appeals the Clay County Circuit Court's denial of his petition for post-conviction relief. On appeal, Brooks asserts six points of error that will be consolidated into the following three issues: (1) whether the trial court erred in accepting Brooks's guilty plea, (2) whether the trial court erred in dismissing Brooks's post-conviction ineffective assistance of counsel claim without an evidentiary hearing, and (3) whether the trial court erred in not granting Brooks's motion for recusal. Finding no error in the circuit court's decision, we affirm.

FACTS
¶ 2. Michael Brooks was charged with two counts of statutory rape in Clay County, Mississippi. According to the trial court's findings, Brooks and the district *293 attorney negotiated a plea bargain in which Brooks would plead guilty to one count of statutory rape and the second count would be retired to the court files. Brooks alleges his guilty plea was based on his defense attorney's promise that he would only serve five years if he pled guilty to one count of statutory rape. Brooks claims that after he entered the guilty plea at the plea hearing, the defense attorney and the district attorney changed the agreement, without Brooks's consent, and decided Brooks would enter an open plea.[1]
¶ 3. According to the trial court findings, a guilty plea hearing was held in accordance with the Uniform Circuit and County Court Rule 8.04. Brooks was informed of all the rights he would waive as a result of pleading guilty. After being informed of these rights, Brooks entered an open plea and presented mitigation witnesses to the court. At the end of the witnesses' testimonies, the court sentenced Brooks to twenty years in prison, with five years post release supervision, and retired the second statutory rape count to the files.
¶ 4. On August 23, 2005, Brooks filed a post-conviction relief petition to have his guilty plea withdrawn, alleging that his plea was involuntary and that he received ineffective assistance of counsel. The court dismissed the post-conviction relief motion without granting an evidentiary hearing. After reviewing the record of proceedings in the trial court, coupled with the petition to enter a guilty plea, the plea colloquy, the sentencing order and pleadings, the court found an evidentiary hearing would be unnecessary. From this decision, Brooks files this appeal, raising the following issues:
I. Whether the trial court erred in accepting Brooks's guilty plea
II. Whether the trial court erred in dismissing Brooks's ineffective assistance of counsel claim
III. Whether the trial court erred in not granting Brook's motion for recusal.
Finding no error in the circuit court's decisions, we affirm.

STANDARD OF REVIEW
¶ 5. This Court reviews denials of post-conviction relief motions under a clearly erroneous standard. Mosley v. State, 941 So.2d 877, 878(¶ 5) (Miss.Ct.App. 2006). The trial court's factual findings will not be disturbed unless they are proven to be clearly erroneous. Rankin v. State, 839 So.2d 581, 582(¶ 3) (Miss.Ct.App. 2003).

ANALYSIS
I. Whether the trial court erred in accepting Brooks's guilty plea
¶ 6. This Court will not reverse the trial court's decision that a valid guilty plea has been entered unless the trial court's decision was clearly erroneous. Hamlin v. State, 853 So.2d 841, 843(¶ 6) (Miss.Ct.App.2003). A plea is considered "voluntary and intelligent" if the defendant is informed of the nature of the charges against him and the consequences of entering a guilty plea. Id. Brooks has the burden of proving that his guilty plea was involuntary and he must prove this by a preponderance of the evidence. Wilcher v. State, 921 So.2d 400, 401(¶ 3) (Miss.Ct.App. 2006).
¶ 7. Brooks argues the trial court should not have accepted his guilty plea. He *294 attempts to support this assertion through many contradictory allegations. Brooks first claims that the trial court erred in accepting his guilty plea because he entered the plea due to the erroneous advice of his counsel. Brooks alleges his counsel promised he would only serve a five-year sentence if he pled guilty to one count of statutory rape. He provides an affidavit from his mother that states she was privy to this conversation. Brooks claims that his plea was not voluntary in that after he informed the court he wished to plead guilty, the court and the defense attorney agreed that Brooks would enter an open plea, resulting in a twenty-five year sentence. Brooks asserts his plea was unknowing because the Court did not inform him that his sentence would include no possibility of parole. As a last resort, Brooks also alleges he informed the court, during the plea hearing, that he did not wish to plead guilty, so the hearing should have been discontinued.
¶ 8. The trial court, after reviewing Brooks's criminal file, found that Brooks's counsel and the district attorney negotiated a plea bargain in which Brooks would plead guilty to one count of statutory rape and the second count would be retired to the files. This agreement was set forth in Brooks's signed and notarized guilty plea petition. This guilty plea petition, unlike the plea-hearing transcript, has been made a part of the appellate record. The plea petition sets out the applicable sentence range for Brooks's offense and states that the court is not bound by any recommendations of the district attorney. After reviewing the guilty plea petition, we are satisfied that Brooks received adequate notification of the applicable sentencing range. Brooks fails to present evidence that the trial court abused its discretion, and we hold that the trial court did not err in accepting Brooks's guilty plea.
II. Whether the trial court erred in dismissing Brooks's ineffective assistance of counsel claim
¶ 9. Brooks challenges the trial court's decision to dismiss his ineffective assistance of counsel claim without conducting an evidentiary hearing. A trial court has considerable discretion in granting evidentiary hearings for post-conviction relief motions. Riley v. State, 848 So.2d 888, 891(¶ 9) (Miss.Ct.App.2003). A judge may dismiss such motions if "it plainly appears from the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss.Code. Ann. § 99-39-11(a)(Rev.2000).
¶ 10. Motions arguing ineffective assistance of counsel must allege with specificity and detail that (1) the counsel's performance was defective and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Robertson v. State, 669 So.2d 11, 12 (Miss.1996). Defendants must prove that, but for the counsel's deficient performance, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 691-96, 104 S.Ct. 2052. The defendant carries the burden of proof and the court will weigh the counsel's deficiencies under the totality of the circumstances standard. Epps v. State, 926 So.2d 242, 244(¶ 7) (Miss.Ct.App.2005).
¶ 11. Brooks fails to meet the Strickland requirements in his pleadings of ineffective assistance of counsel, despite the citing of various rules and the inclusion of affidavits. Brooks attempts to satisfy the first prong of Strickland by asserting, in his pleadings, that his counsel was deficient in several ways. Brooks claims his attorney led him to believe he would serve only five years for his guilty plea. Brooks *295 claims that during the plea hearing, his attorney, the district attorney, and the court had an off the record discussion without him, after which his attorney decided Brooks should enter an open plea. Brooks thinks this alone violated his right to assistance of counsel because the defense attorney appeared to be working for the prosecution.
¶ 12. Brooks points to ethical rules he believes his attorney violated during the course of representation, all of which continue to accuse the defense attorney of unprofessional conduct by changing Brooks's original plea agreement without Brooks's consent. Brooks points to Rules 1.2 and 1.4 of the Mississippi Rules of Professional Conduct, Rule 8.04 of the Uniform Rules of Circuit and County Court, the United States Constitution and Mississippi law to assist in his arguments. Brooks also presents two affidavitsone from his mother and one from himself that allege the defense attorney led Brooks to believe he would only serve five years for his guilty plea. The affidavit from his mother reads as follows:
I, Emma Brooks, state I saw Mr. Burdine go into the judge[']s chambers to discuss the sentence of Michael Brooks, without him present, with Ms. Hayes-Ellis, the District Attorney. When Mr. Burdine came out[,] he changed the plea to open, without discussing this with Michael Brooks. I say these facts in the interest of Justice, without being forced or given any money.
 s/ Emma Brooks
¶ 13. The trial judge was well within his discretion in finding that, Brooks pleadings did not allege ineffective assistance of counsel with enough specificity. The trial court was correct in finding the affidavits Brooks presented "did not require further inquiry in the expanded setting of an evidentiary hearing." See Readus v. State, 837 So.2d 209, 213(¶ 12) (Miss.Ct.App. 2003).
¶ 14. Even if this Court made findings that Brooks successfully satisfied the first prong of Strickland, Brooks would still fail the second prong of Strickland which requires that but, for the defense attorney's performance, the outcome of the proceedings would have been different. In his pleadings to the Court, Brooks openly admitted his guilt to the charged crime of statutory rape. Brooks's amended brief, filed May 5, 2006, contains the following pertinent sentence: "Brooks does not deny his guilt to this crime[,] yet guilty or not[,] Counsel is obligated to work for his client[']s best interest [sic] and not cause his client prejudice." Brooks's admission of guilt to the crime, along with his signed and notarized guilty plea petition, and the trial court's findings support the conclusion that the outcome of the proceedings would not have been different, absent the defense counsel's performance. Brooks failed to satisfy both prongs of Strickland in his post-conviction pleadings and the trial court correctly dismissed this claim without an evidentiary hearing.
III. Whether trial court erred in not granting Brooks's motion for recusal
¶ 15. Brooks asserts the trial court erred in not requiring the trial judge to disqualify himself from the post-conviction proceedings because he was the sitting judge during Brooks's plea hearing. A judge must recuse himself if, a reasonable person, knowing all the circumstances surrounding the issue in question, would doubt the judge's impartiality. Freshwater v. State, 794 So.2d 274, 278(¶ 10) (Miss. Ct.App.2001). There is a presumption that a judge is impartial and unbiased in every case before him. Baldwin v. State, *296 923 So.2d 218, 222(¶ 16) (Miss.Ct.App. 2005). Brooks must prove, beyond a reasonable doubt, that the judge was prejudiced or partial against him, in light of the totality of the circumstances. Copeland v. Copeland, 904 So.2d 1066, 1071(¶ 16) (Miss. 2004).
¶ 16. Brooks fails to present any evidence that the judge was biased because he was the same judge that oversaw the plea hearing. The judge, in his order denying post-conviction relief, presented sound, unbiased reasoning for his decision to summarily dismiss the request for an evidentiary hearing. Absent proof of the judge's actual partiality or bias, the Court will decline to find the trial court erred in not granting Brooks's motion to recuse.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] An "open plea" of guilty is a plea in which the prosecutor does not make any recommendation regarding sentencing. McNabb v. State, 915 So.2d 478, 480(¶ 9) (Miss.Ct.App. 2005).