953 So.2d 315 (2007)
Richard Earl PARKMAN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-02127-COA.
Court of Appeals of Mississippi.
April 3, 2007.
*316 Richard Earl Parkman, Appellant, pro se.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Richard Earl Parkman pled guilty to sexual battery. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with ten years suspended, followed by five years of post-release supervision. He was *317 also fined $1,500. Parkman filed a motion for post-conviction relief, and it was denied by the trial court. On appeal, Parkman argues that: (1) his plea was involuntary, (2) there was no factual basis to support the plea, (3) he had ineffective assistance of counsel, and (4) his signature on his motion to plead guilty was obtained illegally and was inadmissible. We find no error and affirm.

STANDARD OF REVIEW
¶ 2. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
I. Was Parkman's plea involuntary?
II. Was Parkman's signature on his plea motion illegally obtained?
¶ 3. Under both of these issues, Parkman alleges that police obtained his confession in violation of the Fifth and Sixth Amendments. Parkman claims that he was beaten by the police for six days and told to confess, he was never read his Miranda warnings, and the police refused his request for an attorney and continued interrogating him. The State argues that Parkman's motion is barred as a successive writ. Alternatively, the State maintains that Parkman waived the right to raise these issues by virtue of his guilty plea.
A. Successive writ
¶ 4. Although the trial court denied Parkman's post-conviction motion on its merits, the State maintains the motion was a successive writ. If the State is correct, then Parkman's appeal may be procedurally barred. Miss.Code Ann. § 99-39-23(6) (Supp.2006).
¶ 5. The record before us contains two identical judgments, both denied Parkman's motion on its merits. The first judgment was signed by the judge and dated October 24, 2005. The clerk stamped it "filed" on October 25, 2005. The judgment identified the cause number as 2005-CV-390-SC-C.
¶ 6. The second judgment appears at an unusual place in the record  after the notice of appeal and after a notice of deficiency sent by the Clerk of this Court. The judgment dismissed the motion for post-conviction relief and was signed by the judge and dated March 21, 2005. This judgment was not stamped "filed" until March 23, 2006.[1] The second judgment is also identified as cause number 2005-CV-390-SC-C.
¶ 7. Despite two judgments on file, the record only contains one motion. It was filed on August 29, 2005. This motion seems to correspond with the October 24 judgment that denied the motion.
¶ 8. The record also contains, in proper sequence, a letter the clerk received from Parkman on September 13, 2004. In the letter, Parkman claims to have mailed a motion for post-conviction relief on January 14, 2004, and inquires as to the status of the motion. In another letter dated December 9, Parkman writes the circuit clerk to complain that he never received a *318 file stamped copy of his motion nor any response to his previous inquiry.
¶ 9. On March 23, 2005, Parkman filed a motion for records and transcripts, to compel the circuit clerk to provide all records and transcripts in his case. This motion was granted. It was followed by the only motion for post-conviction relief that is contained in the record before this Court.
¶ 10. The record seems to indicate that Parkman attempted to file a post-conviction motion in January 2004. But, this fact is not established by the record before us. We find no 2004 motion. We do find the motion filed in August and denied in October of 2005, which all parties agree is the judgment that is the subject of this appeal. Although the record contains two final judgments, the judgment dated March of 2005 and filed in March of 2006 is not the subject of this appeal. Hence, we find that Parkman's appeal is not precluded by the successive writ bar.
B. Involuntary confession
¶ 11. Parkman argues that his confession was involuntary, because it was obtained after beatings and torture by the police. At the plea colloquy, the trial judge made the appropriate inquiries. Parkman indicated that he was not under the influence of drugs or alcohol and that he understood the waiver of rights that the trial judge explained to him. He was asked whether anyone "threatened you or are you afraid?" Parkman replied, "No, sir." Parkman affirmatively replied that the plea was his decision, and it was freely and voluntarily made.
¶ 12. "[A] guilty plea waives all non-jurisdictional rights or defects which are incident to trial." Jones v. State, 747 So.2d 249, 251(¶ 8) (Miss.1989) (quoting Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991)). Generally included in this class are those rights secured by the Fifth, Sixth, and Fourteenth Amendments and their counterparts in the Mississippi Constitution. Id.
¶ 13. The United States Supreme Court has explained that a "conviction after trial in which a coerced confession is introduced rests in part on the coerced confession, a constitutionally unacceptable basis for conviction." McMann v. Richardson, 397 U.S. 759, 773, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). "The defendant who pleads guilty is in a different posture. He is convicted on his counseled admission in open court. . . . The prior confession is not the basis for the judgment, has never been offered in evidence at a trial, and may never be offered in evidence. . . ." Id. "[W]hile claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for . . . collateral relief." Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The Court also ruled that:
[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
Id. at 267.
¶ 14. We find Parkman's guilty plea waived his challenge by post-conviction relief that his confession was involuntary. Accordingly, we find no merit to these issues.
III. Was there a factual basis to support the plea?
¶ 15. Parkman also argues that there was no factual basis to support his *319 plea of guilty to sexual battery. The State argues that Parkman's plea waived the right to have the prosecution prove the offense.
¶ 16. A factual basis is not established by the mere fact that a defendant enters a plea of guilty. Lott v. State, 597 So.2d 627, 628 (Miss.1992). A factual basis for a plea may be established by the admission of the defendant, but the admission must contain factual statements constituting a crime or be accompanied by independent evidence of guilt. Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). Neither Parkman nor the State provided factual statements constituting the crime of sexual battery at the plea hearing.
¶ 17. Nevertheless, we are not limited to the plea hearing and may look to the record as a whole to determine if there is a factual basis for the plea. Boddie v. State, 875 So.2d 180, 183(¶ 8) (Miss.2004). The crime of sexual battery occurs when the defendant sexually penetrates another without his or her consent or when the defendant sexually penetrates a minor under the age of fourteen, when the defendant is at least twenty-four months or older than the minor. Miss.Code Ann. § 97-3-95(1)(a)(d) (Rev.2006). The record established that the victim was thirteen years old, and Parkman was twenty-five years old at the time of the incident. The physical evidence revealed that the victim had been penetrated vaginally. The victim accused Parkman of having forced intercourse with her. Parkman confessed to police that he digitally penetrated the victim. Therefore, we find that there was a factual basis to support a plea of guilty to sexual battery. See also Miss.Code Ann. § 97-3-97(a) (Rev.2006) (defining sexual penetration).
IV. Was Parkman denied effective assistance of counsel?
¶ 18. Parkman argues that his attorney was ineffective because he failed to investigate and appeal Parkman's guilty plea. The State responds that Parkman's allegations are contradicted by his testimony at the plea hearing.
¶ 19. To prove ineffective assistance of counsel, Parkman must demonstrate that his counsel's performance was deficient, and this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Parkman. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). There is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. To overcome this presumption, "the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different." Id. Additionally, "In order to establish that failure to investigate a line of defense constituted ineffective assistance, a [movant] must show that knowledge of the uninvestigated evidence would have caused counsel to vary his course." Thomas v. State, 881 So.2d 912, 918(¶ 18) (Miss.Ct.App.2004) (quoting King v. State, 503 So.2d 271, 275 (Miss.1987)).
A. Failure to investigate
¶ 20. Parkman alleges that his attorney did not investigate the case and did not ask him his version of the story. Had he done so, Parkman alleges he would have discovered several pieces information with which to impeach the victim and would have discovered that nothing happened. Parkman claims that his attorney did not ask him how and why he made the confession and consistently refused Parkman's *320 request to go to trial. Parkman also claims that his attorney told him he could not win at trial because he had confessed.
¶ 21. Parkman's testimony at his plea hearing contradicts his claims here that his attorney failed to investigate the case and his confession. In the plea colloquy, Parkman testified that he thought that his attorney did a good job and investigated the case. We also read Parkman's motion to state that he never told his attorney that anything was wrong with his confession. Certainly, this was known to him at the time of the plea hearing, and it could have been told to the judge.
¶ 22. Parkman's allegation that his counsel advised him he could not win at trial is not deficient performance. Because Parkman confessed to the crime, chances were high that he would have been convicted at trial. Consequently, Parkman's attorney's advice to accept a plea bargain appears to us a reasonable representation and part of his strategy to get the best outcome possible for his client. Accordingly, this Court will not second guess counsel's reasonable trial strategy. Hall v. State, 906 So.2d 34, 38(¶ 15) (Miss.Ct.App.2004). We find that this issue has no merit.
B. Failure to appeal guilty plea
¶ 23. A defendant who pleads guilty waives his right to an appeal. Page v. State, 812 So.2d 1039, 1042(¶ 13) (Miss. Ct.App.2001). Therefore, his counsel cannot be considered ineffective for not filing a direct appeal of Parkman's guilty plea. We find that this issue has no merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] This judgment was filed after Parkman appealed but before the record was sent to this Court.