MYERS, P.J.,
for the Court.
¶ 1. David Wayne Gaddy pleaded guilty to voyeurism and touching a child for lustful purposes. He was sentenced in the Circuit Court of Harrison County to five years and fifteen years respectively to be served in the custody of the Mississippi Department of Corrections. The sentences were originally to be served consecutively, but they were later amended to run concurrently. Gaddy then filed a motion for post-conviction relief in the Harrison County Circuit Court. Finding no merit to any of his contentions, the trial court dismissed his motion. Aggrieved, he appeals the dismissal.
FACTS AND PROCEDURAL HISTORY
¶2. Gaddy was initially arrested on June 23, 2003, for the statutory rape of a *680 twelve-year-old girl.[1] During the investigation of the statutory rape, the victim informed investigators that Gaddy had also been engaging in sexual intercourse with his ten-year-old daughter. Gaddy was subsequently arrested and charged with touching a child for lustful purposes. After placing Gaddy under arrest, Gaddy’s daughter was taken to the police department to fill out the necessary paperwork. While at the police station, Gaddy’s daughter opened up to her grandmother and told her that Gaddy had been touching her inappropriately. The Mississippi Department of Human Services (DHS) was assigned to the case and subsequently interviewed Gaddy’s daughter. During this interview, Gaddy’s daughter gave the details of what transpired: she became frightened one night after watching horror movies, and she climbed into bed with her father and fell asleep; when she awoke that night, she found her father’s hands on her “privates.”
¶ 3. Gaddy was also indicted separately on voyeurism charges. From his plea colloquy, it is ascertained that on May 12, 2003, while placing boxes on top of a dressing room at a clothing store, he peered over the wall into an occupied dressing room. He was subsequently arrested for this offense.
¶ 4. On June 7, 2004, Gaddy pleaded guilty to the charges of touching a child for lustful purposes and to voyeurism. He was sentenced to fifteen years for touching for lustful purposes and to five years for voyeurism. The sentences were ordered to run consecutively. Gaddy then filed a motion to reconsider his sentences. The trial court granted his motion and amended his sentences to run concurrently. He then filed a motion for post-conviction relief in the Harrison County Circuit Court, which was dismissed. Aggrieved by the dismissal, he appeals the ruling.
DISCUSSION
I. WHETHER THE TRIAL JUDGE SHOULD HAVE RECUSED.
¶ 5. Harrison County Circuit Court Judge Stephen B. Simpson presided over Gaddy’s plea hearing and his post-conviction relief motion hearing. Gaddy argues that Judge Simpson should not have heard either one of these proceedings because he is the father of three daughters. We will address each proceeding separately.
¶ 6. The standard by which we determine if a judge should have disqualified himself is an objective standard under Canon 3(E) of the Code of Judicial Conduct. “A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality.” Jenkins v. State, 570 So.2d 1191, 1192 (Miss.1990). “A presumption exists that the judge, sworn to administer impartial justice, is qualified and unbiased.” In re Blake, 912 So.2d 907, 917(¶ 35) (Miss.2005) (quoting McFarland v. State, 707 So.2d 166, 180(¶52) (Miss.1998)). “To overcome the presumption, the evidence must produce a ‘reasonable doubt’ (about the validity of the presumption)[.]” Buchanan v. Buchanan, 587 So.2d 892, 895 (Miss.1991) (quoting Turner v. State, 573 So.2d 657, 678 (Miss. 1990)). “When a judge is not disqualified under the constitutional or statutory provisions the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion.” Jones v. State, 841 So.2d 115, 135(¶60) (Miss.2003).
*681 ¶ 7. Gaddy argues that Judge Simpson should have recused himself from Gaddy’s plea hearing because he is the father of three daughters. Gaddy asserts that Judge Simpson was inflamed by the charges against him and did not act in a reasonable and objective manner.
¶ 8. Judge Simpson made the following comments at Gaddy’s plea hearing: “Some of these lawyers and these people in this courtroom who know me may speculate that my sentence is based on the fact that I have three young daughters.... ” Gaddy argues that this statement proves Judge Simpson was biased during his sentencing. However, directly after making the above comment, Judge Simpson went on to state that:
[The sentencing] is based on what I perceive to be a person standing before me that whether he can help himself or not is not the issue. The question is, do you pose a danger to young children, both your own — if you will do that to your own, you will certainly do it to mine or some other stranger’s.... [I am] compelled to remove you from this community and from the potential of endangering some other child, and that’s what I’m going to do.
¶ 9. The supreme court faced a similar argument in Green v. State, 631 So.2d 167 (Miss.1994). There, Green was convicted of manslaughter in a shooting death. Id. at 170. At the defendant’s sentencing, the trial judge made the following comments:
I’m one of the few people in the South perhaps that advocates strict handgun control. People like you don’t deserve the right to own a handgun.... I see dozens of [killings] a year that are committed by people who will poke a handgun in their pocket and walk out on the street knowing they’re going to kill somebody or they wouldn’t put it in there. You didn’t have that gun on for protection and you didn’t have that gun on headed for a pawn shop.... It was a senseless, useless, reckless killing.
Id. at 177. On appeal, the court found the appellant’s recusal argument to be merit-less. Id. at 178. The comments were not “personal bias or prejudice concerning a party” as contemplated by Canon 3(C) of the Judicial Code of Conduct; the comments reflected the trial judge’s conclusions drawn from the evidence presented in the case. Id. The statements were “no more than a statement of law” and did not “express any pre-judgment” of Green’s case. Id. Additionally, no evidence was presented that the trial judge improperly admitted or excluded evidence as a result of his alleged bias. Id. Accordingly, the failure of the trial judge to recuse himself was not an abuse of discretion. Id.
¶ 10. In the present case, the alleged biased comments by Judge Simpson were only a snapshot of his entire statement. Upon reading Judge Simpson’s statement as a whole, it is clear that Judge Simpson put aside his feelings as a father and sentenced Gaddy according to the facts and the law. We find that the judge’s comments did not express any prejudgment of Gaddy that would cast a reasonable doubt about the validity of the presumption of the judge’s impartiality.
¶ 11. Gaddy also argues that Judge Simpson should not have presided over his post-conviction relief motion because he presided over Gaddy’s sentencing. Similar to his argument above, Gaddy asserts that Judge Simpson was biased in ruling on his motion for post-conviction relief because of his daughters and because he was the sentencing judge.
¶ 12. This Court faced a similar argument in Brooks v. State, 953 So.2d 291 (Miss.Ct.App.2007). In Brooks, the judge presiding over the defendant’s post-conviction relief motion was the same judge who *682 heard the defendant’s plea hearing. Id. at 295(¶ 15). This Court found that the trial court did not err in denying the defendant’s motion to recuse because the defendant had failed to present any evidence that the judge was biased in the post-conviction relief hearing based upon his dealings in the plea hearing. Id. at 296(¶ 16).
¶ 13. Similar to Brooks, Judge Simpson presided over Gaddy’s plea hearing and his post-conviction relief motion. Also like Brooks, Gaddy has not provided any evidence that Judge Simpson was impartial based on the fact that he presided over both hearings. Accordingly, this issue is without merit.
II. WHETHER THE TRIAL JUDGE ERRED IN SENTENCING GAD-DY TO THE MAXIMUM SENTENCES.
¶ 14. “[The supreme court] has held that sentencing is within the discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute.” Wade v. State, 802 So.2d 1023,1030(¶ 36) (Miss.2001).
¶ 15. Gaddy was convicted of voyeurism, which carries a maximum sentence of five years. See Miss.Code Ann. § 97-29-61 (Rev.2006). He was also convicted of touching for lustful purposes in violation of Mississippi Code Annotated section 97-5-23(1) (Rev.2006), which carries a maximum sentence of fifteen years and/or a $5,000 fine. In his original sentencing order, Gaddy was sentenced to fifteen years for the touching for lustful purposes charge and five years for the voyeurism charge. The sentences were ordered to run consecutively. Upon a motion for reconsideration, the trial judge amended Gaddy’s sentences to run concurrently, thus reducing the amount of time Gaddy would be imprisoned.
¶ 16. The terms of Gaddy’s sentences are clearly within the statutory limits for the prescribed crimes. Accordingly, this issue is without merit.
III. WHETHER GADDY SHOULD HAVE BEEN GRANTED A JURY TRIAL.
¶ 17. Gaddy asserts two arguments that he should have been afforded a jury trial. First, Gaddy argues that Judge Simpson’s labeling of him as a danger to the community was unfair, and it should have been the province of the jury to assess him as a danger. Second, Gaddy claims that, based upon newly discovered evidence, he should have been granted a jury trial after his guilty plea was entered. We will address these arguments together.
¶ 18. In Jones v. State, 915 So.2d 511, 515(¶ 10) (Miss.Ct.App.2005), this Court stated that:
Newly discovered evidence is relevant only in situations where a defendant went to trial and was convicted. If, following the trial, a defendant discovers relevant and material evidence which could not have reasonably been discovered prior to trial, the defendant may seek to have his conviction set aside based on the newly discovered evidence. When a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence.
Stated more succinctly, “[a] valid guilty plea waives the presentation of witnesses and a jury trial.” Rush v. State, 749 So.2d 1024,1028(¶ 16) (Miss.1999).
¶ 19. Gaddy’s right to present issues to a jury expired when he pleaded guilty to the charges. Thus, these arguments are without merit.
*683 IV. WHETHER THERE WAS A FACTUAL BASIS FOR GAD-DY’S CONVICTION.
¶ 20. “A factual basis is not established by the mere fact that a defendant enters a plea of guilty.” Knight v. State, 983 So.2d 348, 352(¶12) (Miss.Ct. App.2008) (citing Lott v. State, 597 So.2d 627, 628 (Miss.1992)). “A factual basis for a plea may be established by the admission of the defendant, but the admission must contain factual statements constituting a crime or be accompanied by independent evidence of guilt.” Parkman v. State, 953 So.2d 315, 319(1116) (Miss.Ct.App.2007). “[W]e are not limited to the plea hearing and may look to the record as a whole to determine if there is a factual basis for the plea.” Id. at (¶ 17).
¶ 21. Upon reviewing Gaddy’s plea hearing and record, we find a factual basis to establish the charges against him. During his plea hearing, Gaddy admitted the facts that surrounded the elements for both of the crimes. The facts, recited by the judge and admitted to by Gaddy, are primarily gleaned from three reports: a DHS report, a police report, and a psychologist’s report. Without going into the details of each report, they consistently state the facts surrounding Gaddy’s arrest. Gaddy’s daughter reported the same story to her grandmother, the DHS worker, and the psychologist. She provided sufficient facts and detail to support the charges against Gaddy. Therefore, after reviewing the plea colloquy and the various reports, we find that this claim is without merit.
V. WHETHER GADDY’S GUILTY PLEA WAS KNOWING AND VOLUNTARY.
¶ 22. “A plea is deemed 'voluntary and intelligent’ only where the defendant is advised concerning the nature of the charges against him and the consequences of the plea.” Loden v. State, 971 So.2d 548, 573(¶ 60) (Miss.2007) (quoting Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)).
¶ 23. Gaddy proposes several reasons why his guilty plea was not knowing and voluntary. Gaddy claims that he did not understand the consequences of making a guilty plea, the trial court never outlined the elements of the charged crimes, and no summation of the evidence against him was ever presented to him at the plea hearing. Gaddy argues that these omissions resulted in him not understanding the nature of the charges against him.
¶ 24. Gaddy’s plea colloquy provides in part:
The Court: Mr. Gaddy, it’s alleged in your indictment that on or about June of 2003 at a time when you were over the age of eighteen years and for the purpose of satisfying your depraved sexual desires, you did touch or rub with your hands the vagina of G.L.G., a child who was at the time in question under the age of sixteen. How old was this child?
Gaddy: Eleven
The Court: And you did that?
Gaddy: Yes, sir.
The Court: It is also alleged ... that on or about May 12 you entered the property of Overstock Fashions on Beach Boulevard in Biloxi and thereafter peeped through a window or opening in a dressing room for the purposes of viewing indecent or spying upon the occupant of that dressing room. Did you do that?
Gaddy: Yes, sir.
Prior to this exchange, the trial court asked Gaddy in detail about his education level, whether he could read and write, whether he had reviewed the plea petitions, whether he understood the petition, whether he understood that he was waiv *684 ing certain rights by pleading guilty to the charged crimes, and whether anyone forced, coerced, or induced him to plead guilty. Gaddy answered that he understood the charges against him, and the consequences of pleading guilty, and he stated that he was entering into this plea voluntarily. There is nothing in the record to show that Gaddy’s guilty plea was not entered knowingly and voluntarily. Accordingly, this argument is without merit.
VI. WHETHER GADDY RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 25. A claim of ineffective assistance of counsel is judged by the standard stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two inquiries under that standard are: (1) whether counsel’s performance was deficient, and, if so, (2) whether that deficient performance was prejudicial to the defendant’s defense in the sense that the defendant is deprived of a fair trial. Id. at 687, 104 S.Ct. 2052. “To show prejudice, the claimant must demonstrate that, but for his attorney’s errors, there is a reasonable probability that a different result would have occurred.” Watts v. State, 981 So.2d 1034, 1039(¶ 12) (Miss.Ct.App.2008). This standard is also applicable to the entry of a guilty plea. Roland v. State, 666 So.2d 747, 750 (Miss.1995). The burden of proving that both prongs of Strickland is on the defendant, “who faces a ‘rebuttable presumption that counsel’s performance falls within the broad spectrum of reasonable professional assistance.’” Walker v. State, 703 So.2d 266, 268(¶8) (Miss.1997) (citation omitted).
¶ 26. Gaddy argues that his counsel was ineffective for failing to object to Judge Simpson presiding over the plea hearing and his post-conviction relief hearing. As we stated above, it was not error for Judge Simpson to hear Gaddy’s plea and motion for post-conviction relief. Additionally, Gaddy stated in his plea colloquy that he was satisfied with the assistance provided by his attorney. More importantly, a different result would not have occurred if Gaddy’s attorney would have objected to Judge Simpson presiding over both hearings. Thus, we find that this does not rise to the level of ineffective assistance of counsel.
¶ 27. Gaddy also argues that the trial court erred by not granting him an evidentiary hearing on his ineffective assistance claim. Gaddy claims that his attorney failed to investigate the possibility of Gaddy having mental problems, which could have provided him with a defense. Gaddy provides the affidavits of his mother and sister to support his contention.
¶ 28. “To merit an evidentiary hearing on the issue of ineffective assistance of counsel, a defendant’s allegations of counsel’s performance must raise ‘sufficient questions of fact on the issue of ineffective assistance of counsel.’ ” Walker, 703 So.2d at 269(¶ 10).
¶ 29. During his plea hearing, Gaddy’s attorney stated that he had attempted to find Gaddy’s psychiatrist and obtain his medical records. However, after checking locally and abroad with the medical association, Gaddy’s attorney was unable to locate Gaddy’s psychiatrist or his medical records. Gaddy supplied the affidavits of his sister and mother to support his contention. However, these affidavits largely pertain to Gaddy’s daughter, not his mental health. The affidavits state that Gad-dy’s attorney informed Gaddy’s mother that he would investigate Gaddy’s mental health. According to the statements Gad-dy’s attorney made during the plea hearing, he fulfilled his word to Gaddy’s mother by investigating Gaddy’s mental health, but he was unable to locate Gaddy’s psy *685 chiatrist or his medical records. Therefore, we find that Gaddy’s contentions do not raise sufficient questions of fact regarding his ineffective assistance counsel claim to warrant an evidentiary hearing. Thus, this issue is without merit.
VII. WHETHER THE CUMULATIVE ERROR OF THE TRIAL COURT MANDATES REVERSAL.
¶ BO. “The cumulative[-]error doctrine stems from the doctrine of harmless error ... [which] holds that individual errors, which are not reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial.” Ross v. State, 954 So.2d 968, 1018 (¶ 138) (Miss.2007). However, where there is no error in any part, there can be no reversible error to the whole. Gibson v. State, 731 So.2d 1087,1098(¶ 31) (Miss.1998).
¶ 31. Gaddy’s final assertion is that the cumulative errors of the trial court mandate reversal of the judgment rendered against him. Finding all of Gaddy’s claims of error to be without merit, we find no cumulative error which would require reversal of Gaddy’s convictions.
¶ 32. Gaddy lists several other arguments in his statement of issues. However, Gaddy fails to brief this Court on these remaining issues. Therefore, this Court finds that the remaining issues are waived for the failure to cite authority, as well as the failure to address the issues. See Cook v. Mardi Gras Casino Corp., 697 So.2d 378, 383 (Miss.1997).
¶ 33. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE, P.J., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.

. The statutory rape was later reduced to sexual battery, and the charge was passed to the file.